

U.S. Department of Justice

United States Attorney
District of New Jersey

09-657

970 Broad Street, Suite 700  973/645-2700
Newark, NJ 07102

Malagold/PL AGR
2007R00793

June 22, 2009

Jonathan Kaye, Esq.
19-02 Whitestone Expressway
Suite 401
Whitestone, NY 11357

      Re: <u>Plea Agreement with Peraparim Billa</u>

Dear Counsel:

      This letter sets forth the plea agreement between your client, Peraparim Billa, and the Acting United States Attorney for the District of New Jersey ("this Office"). This offer will remain open until July 19, 2009, and if a guilty plea consistent with this agreement is not entered in federal court by that date, this offer will expire.

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Peraparim Billa to an Information which will charge him with receiving contraband cigarettes in violation of 18 U.S.C. §§ 2342(a), 2344(a), and 2. If (1) Peraparim Billa enters a guilty plea and is sentenced on this charge, (2) truthfully allocutes to the culpability of his co-defendants, and (3) otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Peraparim Billa for dealing in contraband cigarettes from August 2008 through November 2008. However, in the event that a guilty plea is not entered in this matter or for any reason the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Peraparim Billa may be commenced against him, notwithstanding the expiration of the limitations period after Peraparim Billa signs the agreement. Peraparim Billa agrees to waive any statute of limitations with respect to any crime that would otherwise expire after Peraparim Billa signs the agreement.

<u>Sentencing</u>

      The violation of 18 U.S.C. §§ 2342(a) and 2344(a) charged in the Information to which Peraparim Billa agrees to plead guilty carries a statutory maximum

prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000 ; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Peraparim Billa is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Peraparim Billa ultimately will receive.

Further, in addition to imposing any other penalty on Peraparim Billa, the sentencing judge: (1) will order Peraparim Billa to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Peraparim Billa to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Peraparim Billa, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (4) pursuant to 18 U.S.C. §§ 3559 and 3583 may require Peraparim Billa to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Peraparim Billa be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Peraparim Billa may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Peraparim Billa by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Peraparim Billa's activities and relevant conduct with respect to this case.

Stipulations

This Office and Peraparim Billa agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Peraparim Billa from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Peraparim Billa waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Restitution

Peraparim Billa agrees to pay the sum of approximately $177,675 as restitution to New Jersey state tax and revenue authorities as a result of the state cigarette taxes avoided through Peraparim Billa's conduct. Peraparim Billa agrees to pay the sum of approximately $26,910 to federal tax and revenue authorities as a result of the federal cigarette taxes avoided through Peraparim Billa's conduct. Peraparim Billa agrees to pay this sum at the direction of the U.S. Probation Office. Peraparim Billa agrees to joint and several liability with co-defendant Minir Rizvani.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Peraparim Billa. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and immigration authorities), or any third party from initiating or prosecuting any civil or administrative proceeding (including a deportation proceeding) against Peraparim Billa.

No Other Promises

This agreement constitutes the plea agreement between Peraparim Billa and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

RALPH J. MARRA, JR.
Acting United States Attorney

By: DAVID E. MALAGOLD
Assistant U.S. Attorney

APPROVED:

V. GRADY O'MALLEY
Chief, Strike Force

I have received this letter from my attorney, Jonathan Kaye, Esq., I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_____       Date: 7/22/09
Peraparim Billa

_____       Date: 7/22/09
Jonathan Kaye, Esq.

- 4 -

<u>Plea Agreement With Peraparim Billa</u>

<u>Schedule A</u>

1.	This Office and Peraparim Billa agree to stipulate to the following facts

	A. From August 2008 through March 2009, Peraparim Billa and co-defendant Minir Rizvani knowingly and intentionally engaged in a series of transactions involving contraband cigarettes in an effort to profit by avoiding state and local cigarette taxes.

	B. The relevant conduct in this case involves approximately $177,675 in state and local tax evaded within the meaning of U.S.S.G. §§ 2E4.1 and 2T4.1

2.	If the sentencing court accepts the factual stipulations set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.